IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | FINDINGS OF FACT, CONCLUSIONS |
| Plaintiff, | ) | OF LAW AND ORDER |
| | ) | |
| vs. | ) | C/A No. 7:06-cv-01714 HFF |
| | ) | |
| Marie Loretta Pettie, The | ) | |
| Pacesetter Corporation, | ) | |
| The Estate of Norma Turner, | ) | |
| Holcombe Funeral Home, Inc., | ) | |
| Family Practice Associates, | ) | |
| P.A., | ) | |
| | ) | |
| Defendants. | ) | |

This action is brought by the United States of America to foreclose one real estate mortgage.  Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Marie Loretta Pettie, The Pacesetter Corporation, The Estate of Norma Turner, Holcombe Funeral Home, Inc., Family Practice Associates, P.A., I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Union County, South Carolina on June 13, 2006, in Book 2006LP44, at Page 83, and the defendants were duly served with a copy of the Summons and Complaint as shown by the receipts and the Affidavit of Publication of Summons and Complaint on file herein.  No answer or other defense has been filed by the defendants and default was entered on February 13, 2007

1

, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendant since entry of default.

On or about February 1, 1983, Loyd E. Turner and Norma H. Turner, (now deceased), for value received, made, executed and delivered to the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $39,800.00 with interest from date at the rate of 10 3/4  percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $371.00 on July 1, 1983, and equal and successive installments in the sum of $371.00 thereafter on the first of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about February 1, 1983, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Loyd E. Turner and Norma H. Turner ,(now deceased), executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its

assigns, a mortgage whereby they granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Union, State of South Carolina, to-wit:

> All of that certain piece, parcel or lot of land, lying, being and situate in Pinckney Township, Union County, SC, containing 1.10 acres, more or less, and being shown on a plat as a portion of Agnes Black land to be conveyed to Clyde Burgess made by Paul Ramsing, RLS, on September 2, 1982. Said lot has the following metes and bounds, to wit: Beginning at a nail and cap at the centerline of State Road, # S 44-365 thence S 81-30 W for a distance of 320.0 feet to NI; thence N 8-30 W for a distance of 150.0 feet to NI; thence N 81-30 E for a distance of 320.0 feet to a nail and cap at the centerline of the said State Road #440365; thence S 8-30 E for a distance of 150.0 feet to nail and cap the point of beginning. Said lot is bounded on the north, west, and south by property of Agnes Black, and on the east by the said State Road #S 44-365., Reference is made to Plat Book 23, page 4.

> Being the same property conveyed to Norma H. Turner From Loyd E. Turner by deed dated 8/22/88 recorded June 27, 1989 in the Official Records of Union County in Book 202 at Page 864; then Marie Pettie from the Estate of Norma Turner, (see Probate #2001-ES44-226, date of Death was 12/4/2001) and Marie Pettie being the only heir, in Official records for Union County, South Carolina.

The mortgage was duly recorded in the Office of the Clerk of Court for Union County, South Carolina, on February 2, 1983, in Book 174, Page 901.

In said mortgage the makers covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The loan was initially made to Loyd E. turner and Norma H. Turner.  They divorced after the loan was made and by deed recorded June 27, 1989, Loyd Turner conveyed his interest in the security property to Norma Turner ans she was the sole owner of the property.  Norma Turner died on December 4, 2001 at which title to the property became vested in Marie Loretta Pettie, their daughter. The Estate of Norma Turner, Probate #2001-ES44-226, is still open.

Marie Pettie acquired the security property by deed from Norma H. turner, subject to her outstanding indebtedness to Rural Development.  To evidence this indebtedness, Marie Pettie executed an Assumption Agreement on December 21, 2001.

The aforesaid note and mortgage are in default and the defendant, Marie Pettie,  has failed and refused to reinstate the note account to a current status, although due demand has been made upon her to do so.  The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

4

The amount due and owing to the plaintiff herein on the note and mortgage aforesaid is the sum of $79,018.71, as of January 6, 2005, with a daily interest accrual thereafter at the rate of $5.4299, as is shown in the Affidavit of Default and Amount Due on file herein. This loan is subject to interest credit recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **THE PACESETTER CORPORATION**, is made a party to this action by reason of a mortgage from Norma H. Turner, dated 2/29/96 and recorded 3/15/06 in Book 197, Page 124, County of Union, South Carolina Records, in the original principal amount of $4,475.00. Said mortgage is junior in priority to the mortgage lien of the plaintiff.

The defendant, **THE ESTATE OF NORMA TURNER**, is still open in the Official Record for Union County.

The defendant, **HOLCOMBE FUNERAL HOME, INC.**, is made a party to this action by reason of a claim against the Estate of Norma turner in the amount of $5,227.25, dated February 11, 2002, in the official records of Union County. Said claim is junior in priority to the mortgage lien of the plaintiff.

The defendant, **FAMILY PRACTICE ASSOCIATES, P.A.**, is made a party to this action by reason of a claim in the amount of $257.19, dated 8/12/02 in the official records of Union County. Said claim is junior in priority to the mortgage lien of the

5

plaintiff.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff. It is, therefore,

ORDERED: That defendants, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Union County, South Carolina Courthouse on the earliest possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **Union Daily Times**, a newspaper regularly issued and of general circulation in Union County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for

6

compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder.  The plaintiff may become a purchaser at the sale or any resale.  Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

IT IS FURTHER ORDERED:  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale

7

by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon failure of any mortgagor(s) or person(s), in possession in the name of, because of the mortgagor(s), to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or his deputies) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.


                                   s/Henry F. Floyd
                                   UNITED STATES DISTRICT JUDGE

Spartanburg, S. C.

February __13____, 2007


8